IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GLORIA J. PAET, | ) | CIVIL NO. 13-00079 JMS-KSC |
| | ) | |
| Plaintiff, | ) | **ORDER: (1) DISMISSING** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| vs. | ) | **WITH LEAVE TO AMEND; AND** |
| | ) | **(2) DISMISSING AS MOOT:** |
| MONICA FERNANDEZ, et al., | ) | **(a) "MOTION FOR PERPETUAL** |
| | ) | **MANDATORY INJUNCTION RE:** |
| Defendants. | ) | **EJECTMENT FOR SQUATTING,** |
| | ) | **TRESPASSING, AND** |
| | ) | **DESTRUCTION OF PROPERTY.** |
| | ) | **MOTION TO SHOW CAUSE RE:** |
| | ) | **RESPONDENTS TO SHOW** |
| | ) | **CAUSE WHY THEY SHOULD** |
| | ) | **NOT BE INDICTED," DOC. NO. 2;** |
| | ) | **(b) "MOTION FOR PREVENTIVE,** |
| | ) | **PROHIBITORY, QUIA TIMET** |
| | ) | **AND PERPETUAL INJUNCTION,"** |
| | ) | **DOC. NO. 3;** |
| | ) | **(c) "MOTION FOR WRIT OF** |
| | ) | **RECAPTION," DOC. NO. 9; AND** |
| | ) | **(d) "AMENDED MOTION FOR** |
| | ) | **PERPETUAL MANDATORY** |
| | ) | **INJUNCTION RE: EJECTMENT,** |
| | ) | **AND AMENDED MOTION TO** |
| | ) | **SHOW CAUSE RE:** |
| | ) | **RESPONDENTS TO SHOW** |
| | ) | **CAUSE WHY THEY SHOULD** |
| | ) | **NOT BE INDICTED FOR** |
| | ) | **MULTIPLE CRIMES** |
| _____ | ) | **COMMITTED," DOC. NO. 10** |

**ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND; AND (2) DISMISSING AS MOOT: (a) "MOTION FOR PERPETUAL MANDATORY INJUNCTION RE: EJECTMENT FOR SQUATTING, TRESPASSING, AND DESTRUCTION OF PROPERTY. MOTION TO SHOW CAUSE RE: RESPONDENTS TO SHOW CAUSE WHY THEY SHOULD NOT BE INDICTED," DOC. NO. 2; (b) "MOTION FOR PREVENTIVE, PROHIBITORY, QUIA TIMET AND PERPETUAL INJUNCTION," DOC. NO. 3; (c) "MOTION FOR WRIT OF RECAPTION," DOC. NO. 9; AND (d) "AMENDED MOTION FOR PERPETUAL MANDATORY INJUNCTION RE: EJECTMENT, AND AMENDED MOTION TO SHOW CAUSE RE: RESPONDENTS TO SHOW CAUSE WHY THEY SHOULD NOT BE INDICTED FOR MULTIPLE CRIMES COMMITTED," DOC. NO. 10**

## I. INTRODUCTION

On February 19, 2013, pro se Plaintiff "Gloria (J.) of the House of Paet" ("Plaintiff") filed an "Admissions Statement," Doc. No. 1, in which she alleges that tenants Monica Fernandez, Jay Komoda and Antonio (collectively, "Defendants")[1] as well as unnamed others, generally engaged in offensive and destructive behavior toward Plaintiff and her residential property on Maui.  The court, construing the Admissions Statement as a Complaint, DISMISSES Plaintiff's Complaint and GRANTS Plaintiff leave to file an amended complaint by April 5, 2013.[2]

---

[1] The caption of the Admissions Statement names as Defendants "Monica Fernandez, et al.," but refers to Jay Komoda and Antonio in the body of the Admissions Statement.

[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

## II. **BACKGROUND**

Plaintiff sets forth numerous allegations of offensive behavior by Defendants and other unnamed individuals including leaving trash and food in the yard, denying Plaintiff and a plumber access to portions of the property, making derogatory statements to Plaintiff, damaging the residence, collecting money from others in exchange for use of bathroom facilities without authorization, acting in concert to withhold rent, and gathering information on Plaintiff.  Doc. No. 1, Compl. ¶¶ 1-21.

While not entirely clear, Plaintiff appears to contend that Defendants' conduct is criminal and the Complaint outlines incidents to be used as evidence in a criminal proceeding.[3]  Plaintiff identifies the following alleged crimes: destruction of property; causing disturbances; endangering the lives and health of other tenants and their pets; cruelty to animals; violations of the Racketeer

---

[3] Along with the Complaint, on February 19, 2013, Plaintiff filed the following documents: (1) "Motion for Perpetual Mandatory Injunction re: Ejectment for Squatting, Trespassing, and Destruction of Property. Motion to Show Cause re: Respondents to show cause why they should not be Indicted," Doc. No. 2; (2) "Motion for Preventive, Prohibitory, Quia Timet and Perpetual Injunction," Doc. No. 3; and (3) Admissions Statement Re: Notice of Intent: Invoice and Fee-Schedule," Doc. No. 4.  On March 1, 2013, Plaintiff filed: (1) "Admissions Statement re: Code of Conduct for Judicial Employees as per United States Courts," Doc. No. 7; (2) Admissions Statement," Doc. No. 8; (3) "Motion for Writ of Recaption," Doc. No. 9; (4) "Amended Motion for Perpetual Mandatory Injunction re: Ejectment, and Amended Motion to Show Cause re: Respondents to Show Cause why they should not be Indicted for multiple crimes committed," Doc. No. 10; and (5) Admissions Statement, Doc. No. 11.  While not part of the Complaint or relevant to this court's ruling on the viability of Plaintiff's claims, these documents do provide some guidance for the court's interpretation of the Complaint.

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and treason. *Id.* In addition, Plaintiff asserts that Defendants committed gross negligence by throwing beer bottles from the second floor balcony, *id.* ¶ 7, and putting electronic materials in a trash bin rather than disposing of them at the dump. *Id.* ¶ 9. Plaintiff does not demand any specific relief.

### III. STANDARD OF REVIEW

Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th. Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be

made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. *See Kokkonen*, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.  The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*  Legal conclusions must be supported by factual allegations. *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

# IV.  ANALYSIS

## A.  No Diversity Jurisdiction

Plaintiff has not asserted, and apparently cannot assert, the existence of diversity jurisdiction because it appears that the parties are all citizens of Hawaii.  And Plaintiff cannot establish diversity jurisdiction by attempting to bring the action on behalf of the "House of Paet," instead of herself personally.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.").[4]

## B.  Federal Question Jurisdiction

Federal RICO law authorizes a civil right of action.  *See* 18 U.S.C. § 1964(c).  Thus, construing the Complaint liberally, Plaintiff could assert a civil RICO claim in federal court.

As pled, however, Plaintiff fails to allege facts sufficient to state a RICO claim, under 18 U.S.C. §§ 1964(c) and 1962.  Plaintiff alleges that by

---

[4] Absent diversity jurisdiction (and because the court finds no federal law claim on which to base supplemental jurisdiction), Plaintiff cannot assert state law negligence claims. And even if Plaintiff were to establish diversity jurisdiction, she cannot enforce state or federal criminal law as an individual -- that is, the court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.  *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

admitting that some Defendants "told him not to pay rent[,]" Defendant Komoda "appears to be in collusion to commit RICO Action as well."  Doc. No. 1, Compl. ¶ 19.  Plaintiff also alleges that Defendant Antonio "refused to name the bank whom he was conspiring with" and generally characterized Defendant Antonio's conduct as "RICO Actions."  *Id.* ¶ 21.

"To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property."  *Chaset v. Fleer/Skybox Int'l., LP.*, 300 F.3d 1083, 1086 (9th Cir. 2002).  Racketeering activity must consist of a specified predicate act.

Plaintiff's vague, conclusory allegations, against some or all Defendants as well as unnamed individuals or entities, fall far short of stating a plausible RICO claim.  At a minimum, Plaintiff fails to allege *any* RICO predicate offense or facts showing an alleged pattern of racketeering activity.  Accordingly, Plaintiff's RICO claim is DISMISSED with leave to amend.

### C. Dismissal Pursuant to Federal Rule of Civil Procedure 8

Additionally, the court may dismiss Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8.  Rule 8 mandates that a

complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to *sua sponte* dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]"). Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for

what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

      Plaintiff's Complaint -- and, therefore, Plaintiff's claims -- do not meet the requirements of Rule 8. The Complaint does not clearly identify all of the Defendants,[5] or indicate which specific facts and claims are asserted against each Defendant. In short, Plaintiff's Complaint utterly fails to identify the Defendants and provide them proper notice of the claims being asserted against them. As a result, the Complaint does not afford Defendants a fair opportunity to assert defenses, form an answer, or otherwise conduct discovery. *See id.* at 1178-80.[6] Rule 8 is directed precisely to prevent such a burden. *See id.* at 1179 ("Prolix,

---

[5] Only Monica Fernandez is listed in the caption and it is not clear whether either the RICO or gross negligence claim is asserted against her. Plaintiff does not provide a last name for Antonio and does not indicate with whom Jay Komoda is acting in violation of RICO.

[6] The Complaint also violates Rule 8 because it requires this court to "manage the litigation without knowing what claims are made against whom." *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Accordingly, the court DISMISSES Plaintiff's Complaint with leave to amend.

## V. CONCLUSION

For the reasons stated above, the court DISMISSES the Complaint with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten

in its entirety and may not incorporate any part of the Complaint by reference. Plaintiff may include only one claim per count. Any cause of action not raised in the amended complaint is waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is given leave to amend as described in this Order by April 5, 2013. Failure to file an amended complaint by April 5, 2013 will result in automatic dismissal of this action.

Because the Complaint is dismissed, the following motions are likewise DISMISSED as moot: (1) "Motion for Perpetual Mandatory Injunction re: Ejectment for Squatting, Trespassing, and Destruction of Property. Motion to Show Cause re: Respondents to show cause why they should not be Indicted," Doc. No. 2; (2) "Motion for Preventive, Prohibitory, Quia Timet and Perpetual Injunction," Doc. No. 3; (3) "Motion for Writ of Recaption," Doc. No. 9; and (4) "Amended Motion for Perpetual Mandatory Injunction re: Ejectment, and

///
///
///
///
///

Amended Motion to Show Cause re: Respondents to Show Cause why they should not be Indicted for multiple crimes committed," Doc. No. 10.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 5, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Paet v. Fernandez, et al.,* Civ. No. 13-00079 JMS-KSC, Order: (1) Dismissing Plaintiff's Complaint with Leave to Amend; and (2) Dismissing as Moot: (a) "Motion for Perpetual Mandatory Injunction Re: Ejectment for Squatting, Trespassing, and Destruction of Property. Motion to Show Cause Re: Respondents to show cause why they should not be Indicted," Doc. No. 2; (b) "Motion for Preventive, Prohibitory, Quia Timet and Perpetual Injunction," Doc. No. 3; (c) "Motion for Writ of Recaption," Doc. No. 9; and (d) "Amended Motion for Perpetual Mandatory Injunction Re: Ejectment, and Amended Motion to Show Cause Re: Respondents to show cause why they should not be Indicted for multiple Crimes committed," Doc. No. 10